UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>BLAKE RIAD-JAMES MASO,<br><br>　　　　　　　Defendant. | CASE NO. 2:23-cv-01620-TL<br><br>ORDER ON MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO RECONSIDER |

This matter is before the Court on Plaintiff Jane Doe's Motion for Appointment of Counsel and Opposition to Order on Motion to Seal and Motion to Proceed Under Pseudonym (Dkt. No. 29). Having reviewed the relevant record, the Court rules as follows.

A.    **Motion for Appointment of Counsel**

Plaintiff requests that she be appointed counsel. Dkt. No. 29 ¶ 2.1. Plaintiff primarily makes two arguments: (1) counsel is required to comply with the Court's prior Order on her motion to seal and proceed under pseudonym (*id.* ¶¶ 2.2–2.3); and (2) the case presents complex questions (*id.* ¶ 2.4). Plaintiff also argues that she financially qualifies for such an appointment

because she has filed an application to proceed *in forma pauperis* ("IFP"), though she acknowledges that she paid the filing fee. *Id.* ¶ 2.5.

"Generally, a person has no right to counsel in civil actions." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (affirming denial of appointment of counsel). Although most *pro se* litigants would benefit from representation by an attorney, that alone does not warrant the appointment of counsel. *See Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (affirming denial of appointment of counsel), *overruled on other grounds*, 154 F. 3d 952 (9th Cir. 1998) (en banc). Instead, a court may appoint counsel for *indigent* civil litigants under "exceptional circumstances," pursuant to 28 U.S.C. § 1915(e)(1). *See Palmer*, 560 F.3d at 970. Exceptional circumstances exist when a pro se plaintiff establishes (1) a likelihood of success on the merits and (2) that the complexity of the legal issues involved would impede the pro se litigant's ability to present the case. *Id.*; *see also Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quoting *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir.1986)).

Here, Plaintiff has not explained why she is likely to succeed on the merits, nor is the Court able to adequately assess the likelihood of success on the underdeveloped record before it. Moreover, while the legal issues involved may be complex, Plaintiff's filings demonstrate a level of sophistication and legal comprehension that is somewhat unusual in *pro se* proceedings and does not meet the "high bar" required to demonstrate complexity that would actually impede her ability to present her case. *Siglar v. Hopkins*, 822 F. App'x 610, 612 (9th Cir. 2020). For example, the Complaint demonstrates Plaintiff's ability to articulate her claims *pro se*. *See* Dkt. No. 4. Plaintiff coherently sets down the general factual allegations of her complaint, provides details regarding specific interactions at issue, and appears to have performed research on her own. *Id.* Further, Plaintiff's motions for early discovery have cited applicable federal rules and

1  caselaw. *See, e.g.*, Dkt. No. 23.[1] Finally, Plaintiff paid the filing fee (and hired a private process
2  server). Thus, there is no pending IFP application, and Plaintiff has not provided information
3  with her motion to support a finding of indigency.

4  For all these reasons, Plaintiff has not met her burden of establishing exceptional
5  circumstances that warrant the appointment of counsel. Plaintiff's motion for the appointment of
6  counsel (Dkt. No. 29) is DENIED without prejudice. As the case moves forward, Plaintiff may
7  renew her motion, if appropriate.

8  **B.    "Opposition to Order on Motion to Seal and Proceed Under Pseudonym"**

9  Plaintiff also requests that the Court "reconsider" its prior Order on Plaintiff's motion to
10 seal and proceed under pseudonym (*see* Dkt. No. 21) "due to Plaintiff's involuntary ability to
11 comply with the Order." Dkt. No. 29 ¶ 3.1. Plaintiff alternatively requests that the deadline to
12 unseal the case be extended "to a reasonable date after Plaintiff's release date as Plaintiff is
13 unable to receive and send physical mail at her present location under the pseudonym 'Jane
14 Doe'" though she can send and receive mail in her actual name. *Id.* Plaintiff also requests that the
15 deadline to file redacted documents be extended by 60 days and requests physical copies of all
16 filings that require redaction, as she does not have physical copies of the filings. *Id.* ¶¶ 3.2–3.3.

17 The Court understands Plaintiff's primary request as a motion to reconsider. "Motions for
18 reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of
19 "manifest error in the prior ruling or . . . new facts or legal authority which could not have been
20 brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for

---

[1] Plaintiff states that she spoke with "Corey Endo from the Federal Public Defender's Office in Seattle" regarding this action, who is "willing to represent Plaintiff should the Court grant Plaintiff's request for appointment of counsel." Dkt. No. 29 ¶ 2.5. However, the Federal Defender represents "indigent people targeted or charged with federal criminal prosecution." *Our Office*, https://perma.cc/G8PU-H92V (last visited Dec. 18, 2023). The Court does not understand the Federal Defender to provide representation in civil actions such as this one.

ORDER ON MOTION FOR
APPOINTMENT OF COUNSEL AND
MOTION TO RECONSIDER - 3

reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Here, Plaintiff has not identified any manifest error in the Court's prior Order, and the Court will deny the request to reconsider. However, Plaintiff only needs to include her pseudonym on any documents that will be filed on the court docket. The Clerk will be instructed to redact Plaintiff's name and address from Plaintiff's envelopes, but Plaintiff is responsible for redacting her documents. Moreover, given Plaintiff's incarcerated status and the volume of filings that need to be redacted and refiled, Plaintiff's requests for additional time to comply with the Order and for copies of the filings are reasonable and will be granted.

Accordingly, it is hereby ORDERED:

(1)   Plaintiff's motion for appointment of counsel is DENIED without prejudice.

(2)   This matter SHALL remain temporarily sealed until **February 29, 2024**. On that date, the Clerk SHALL unseal the case.

(3)   Plaintiff SHALL file redacted copies of all prior filings **by February 29, 2024**.

(4)   The Clerk SHALL redact Plaintiff's name and address on Plaintiff's envelopes before filing on the docket.

(5)   The Clerk SHALL promptly mail Plaintiff a copy of all filings in this matter.

Dated this 18th day of December 2023.

Tana Lin
United States District Judge

ORDER ON MOTION FOR
APPOINTMENT OF COUNSEL AND
MOTION TO RECONSIDER - 4