UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>              Plaintiff,<br>  v.<br><br>BLAKE RIAD-JAMES MASO,<br><br>              Defendant. | CASE NO. 2:23-cv-01620-TL<br><br>ORDER ON MOTION FOR RECONSIDERATION |

This matter is before the Court on Plaintiff's Motion for Reconsideration of Plaintiff's Motion for Temporary Restraining Order and Order to Show Cause. Dkt. No. 33. Plaintiff argues that the Court's denial of an order to prevent Defendant from "absconding or constructively absconding" with her daughter was based on manifest errors. *Id.* ¶¶ 3.1–3.6. Plaintiff also offers "factual clarifications" related to her other requests. *Id.* ¶¶ 3.7–3.8.

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.*

ORDER ON MOTION FOR
RECONSIDERATION - 1

Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Plaintiff has not demonstrated manifest error in the Court's ruling on her child-related claim. As an initial matter, Plaintiff appears to assert that the California state court order of custody on July 2, 2021 (*see* Dkt. No. 9 at 43–44), is still in effect and demonstrates her ongoing entitlement to custody. Dkt. No. 33 ¶¶ 3.1. Plaintiff also states that the State of Texas Vital Statistics Unit Certification of September 12, 2021 (*see* Dkt. No. 9 at 31–33), also demonstrates her entitlement to custody. *Id.* ¶¶ 3.2. However, the California order states that the custody order remains in effect after expiration of a TRO only "[i]f this form is attached to Form DV-130 *(Restraining Order After Hearing)*." Dkt. No. 9 at 44. Here, the order is attached to Form DV-110 (Temporary Restraining Order) (*id.* at 35–40), not Form DV-130, and thus would have expired on July 21, 2021, along with the TRO. Moreover, the Texas certification merely states that Plaintiff's daughter "has not been the subject of a suit affecting the parent-child relationship" since 1974. *Id.* at 33. The document is not a court order of custody, nor does it not affirmatively demonstrate that Plaintiff still maintains entitlement to custody.

However, even if Plaintiff could demonstrate entitlement to custody, she does not demonstrate manifest error in the Court's ruling. As to irreparable harm, Plaintiff "respectfully disagrees" with the Court's conclusion and states that, since filing her motion for a TRO,

1   "Defendant, directly or constructively, moved Plaintiff's daughter to a presently unknown
2   location which is being actively investigated by law enforcement and private investigators
3   employed by Plaintiff." Dkt. No. 33 ¶ 3.3. Plaintiff also states that "on or about November 20,
4   2023, the home at which Plaintiff's daughter was physically located has been sold." *Id.* Plaintiff
5   still makes no plausible allegation (and offers no supporting evidence) that Defendant has
6   unlawfully "absconded" with her daughter to any improper jurisdiction, let alone outside of the
7   country as Plaintiff alleged in her original motion.

8         Further, as to subject matter jurisdiction, Plaintiff asks the Court to rule that she is
9   "entitled to full custody." Dkt. No. 33 ¶ 3.5. Plaintiff also states that the website operated by
10  Andrew Watters contains statements about Plaintiff's sexual activity and parental rights, and that
11  discovery in a related case shows that Defendant contributed to the website's content. *Id.* ¶ 3.6.
12  Plaintiff does not provide that discovery or any other evidence to support her statements, let
13  alone documentation that was not available when she filed her motion. More significant,
14  Plaintiff's allegations do not resolve the Court's doubt as to whether all these allegations "form
15  part of the same case or controversy" under the United States Constitution. 28 U.S.C. § 1367(a).
16  Even if Plaintiff's daughter is mentioned on the alleged website, that does not entitle Plaintiff to
17  wrap in all possible additional claims related to her daughter. Plaintiff may be more successful
18  with filing a claim in the state and/or county court in which the dispute(s) arose, from which the
19  order(s) were issued, and that have proper jurisdiction over the custody dispute.

20        In addition, Plaintiff clarifies that she pled her claims for distribution of intimate
21  recordings as "personally and constructively disseminated" because she was unable to access the
22  internet at the time, and that she "may, alternatively, make more concrete allegations as to
23  Defendant's personal responsibility." Dkt. No. 33 ¶ 3.7. Plaintiff also clarifies that as to the
24  website, she "seeks to enjoin further false allegations" relating to an order in a related case, "and

ORDER ON MOTION FOR
RECONSIDERATION - 3

the Court is free to limit the relief sought." *Id.* ¶ 3.8. As to these claims, Plaintiff neither asserts manifest error nor offers new facts or legal authority that could not have been included with her original motion.

Accordingly, Plaintiff's Motion for Reconsideration (Dkt. No. 33) is DENIED.

Dated this 10th day of January 2024.

Tana Lin
United States District Judge