UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>                    Plaintiff,<br>    v.<br><br>BLAKE RIAD-JAMES MASO,<br><br>                    Defendant. | CASE NO. 2:23-cv-01620-TL<br><br>ORDER OF DISMISSAL |

This matter is before the Court *sua sponte*. On February 15, 2024, the Court ordered Plaintiff Jane Doe to show cause why this matter should not be dismissed for failure to serve Defendant Blake Riad-James Maso. Dkt. No. 41. The Court observed that "Plaintiff has filed no proof of service on Defendant." *Id.* at 2. In her response received March 1, 2024, Plaintiff claimed that she "already effected service on Defendant within 90 days of filing the original petition and issuance of the initial summons before the cause was restyled" to reflect the Court's grant of pseudonymity. *Id.* On March 18, 2024, the Court issued a second order in response to Plaintiff's filing. Dkt. No. 49. The Court noted that "the docket contains no proof of service, and

Plaintiff's mere claim of service will not suffice as proof." *Id.* at 1–2. Recognizing that Plaintiff may have misunderstood the prior Order, the Court gave Plaintiff "one final opportunity" to file proof of service or waiver by April 30, 2024. *Id.* at 2. To date, no proof has been filed.

Under Federal Rule of Civil Procedure 4(m), if a defendant is not properly served within 90 days after the complaint is filed, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." In addition, a plaintiff must follow Federal Rule of Civil Procedure 4(e) to complete proper service on an individual within a judicial district of the United States. Plaintiff paid her filing fee on October 27, 2023, and her Complaint was posted (and IFP application terminated) on October 30, 2023 (Dkt. No. 4); thus, proof of service was due no later than January 29, 2024.

Here, Plaintiff has not completed proper service, despite multiple opportunities to do so. Although Plaintiff missed the original service deadline, the Court gave her a second opportunity to file proof of service or otherwise explain why the matter should not be dismissed. Dkt. No. 41. When Plaintiff responded but still did not provide proof, the Court provided yet another opportunity to file proof. Dkt. No. 49. Despite hiring a private process server (*see* Dkt. No. 13 at 1), and despite asserting that service was completed (*see* Dkt. No. 41 at 2), Plaintiff has not provided proof of service to date.

Accordingly, this matter is DISMISSED without prejudice.

Dated this 31st day of May 2024.

Tana Lin
United States District Judge

ORDER OF DISMISSAL - 2